# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

BRANDON NELSON SPARKS                                                                           PLAINTIFF

v.                                              No. 4:17CV00688 JLH

BAPTIST HEALTH; and
RICHARD CLARK FLANIGIN                                                                        DEFENDANTS

## OPINION AND ORDER

Brandon Nelson Sparks commenced this action against Baptist Health and Dr. Richard Clark Flanigin complaining of events that took place on June 13, 2017, at Baptist Health Medical Center in Little Rock. The defendants have moved to dismiss for three reasons. First, they contend that this Court lacks subject matter jurisdiction because Sparks listed his address as in Arkansas, though he alleges that he is a citizen of Tennessee. Second, they contend that they were improperly served. Third, they contend that the complaint fails to state a claim upon which relief can be granted. Because Sparks alleges that he is a citizen of Tennessee, the complaint sufficiently alleges diversity of citizenship. Although the defendants may have been improperly served, the complaint fails to state a claim upon which relief can be granted, so the Court will dismiss it on that basis rather than because of improper service.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Gorog v. Best Buy Co.,*

*Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Id.* The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014).

The complaint alleges as follows:

> I was wrongfully admitted into behavioral services and wasn't treated for concussion. Was held against will, threaten [sic] and forced to take medications.

Document #2 at 4. In addition, the complaint alleges:

1. Neglect due to not receiving proper care for concussion.
2. Violation of rights[.]
3. Neglect due to being held against my will.
4. Neglect due to threating [sic] and being forced to take medications.
5. Pain and suffering due to emotional distress and improper injection.

Document #2 at 5. These are all of the allegations in the complaint. No employee of Baptist Health is named anywhere in the complaint. Dr. Flanigin is never mentioned. Apart from these conclusory allegations, no facts are alleged in the complaint. These allegations fail to meet the *Twombly* plausibility standard. Therefore, the complaint must be dismissed for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED this 1st day of December, 2017.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE